In the

# United States Court of Appeals

### For the Seventh Circuit

No. 07-2280

JUAN ARMSTRONG, JAMES E. DUCKETT,
RODERICK GILLESPIE, et al.,

*Plaintiffs-Appellees,*

*v.*

LASALLE BANK NATIONAL ASSOCIATION,

*Defendant-Appellant.*

Appeal from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 01 C 2963—**James B. Moran**, *Judge.*

ARGUED JANUARY 17, 2008—DECIDED JANUARY 13, 2009

Before RIPPLE, ROVNER, and TINDER, *Circuit Judges.*

ROVNER, *Circuit Judge.* This appeal originated as a
number of lawsuits against Amsted Industries, Inc., its
Employee Stock Ownership Plan (ESOP), and Amsted
officers, by participants in Amsted's ESOP, charging
violations of ERISA, breaches of fiduciary duty, breach
of contract and conversion. Those cases were initiated in
district courts in Alabama, Illinois, and Florida, but on

August 22, 2001, the Judicial Panel on Multidistrict Litigation (the Panel) granted the defendants' motion to transfer the cases under 28 U.S.C. § 1407 to the Northern District of Illinois for consolidated pretrial proceedings. The Panel is authorized to transfer to one district civil actions involving common questions of fact that were pending in multiple districts. The Panel must first determine that the transfer will further "the convenience of the parties and witnesses and will promote the just and efficient conduct of such actions." 28 U.S.C. § 1407. With one exception not applicable here, the transfer and consolidation is only for pretrial proceedings, and the cases are remanded to the original courts at the conclusion of those proceedings. 28 U.S.C. § 1407, 1407(h).

Upon the transfer, the district court ordered the parties to file two consolidated cases—one consisting of Amsted retirees and one of non-retirees. The non-retirees' consolidated complaint added LaSalle Bank, as Trustee for Amsted's ESOP, as a defendant. Through settlement or dispositive motions, all retiree claims, and all non-retiree claims against Amsted and its affiliated defendants, were dismissed, and only the non-retiree claims against LaSalle remain alleging that LaSalle made an imprudent valuation of the company's stock, causing heavy losses.

In the consolidated complaint, the non-retiree plaintiffs (hereinafter simply the "plaintiffs") included a statement that "venue is proper in this court." In addition, they repeatedly acquiesced in the district court's setting of a timeline for discovery and trial, including the setting of trial dates. At the close of pretrial proceedings and ap-

proximately two weeks before the pretrial order was due, however, the plaintiffs moved for a remand of their claims pursuant to 28 U.S.C. § 1407. LaSalle objected, arguing that the plaintiffs by their conduct had waived the right to a remand and had consented to venue in the Northern District of Illinois.

The district court rather reluctantly granted the remand request, holding that the plaintiffs had not consciously waived their right to object to venue. In so holding, the district court stated that a waiver entails the deliberate relinquishment of a known right, and that waivers generally must be clear and unambiguous. Although the dilatory behavior of the plaintiffs in failing to make clear at an earlier time their intent to seek remand caused the court consternation, the court believed that the conduct was not enough to constitute waiver of that remand right. The court further noted that it would be a "nightmare scenario" for it to retain jurisdiction and try the case only to have that initial decision overturned on appeal. Although the court granted the remand request, it ultimately certified two questions to this court under 28 U.S.C. § 1292(b): (1) "[w]hether the filing of an amended complaint agreeing to venue and jurisdiction in the transferee court, and which adds a defendant that may only fairly be sued in the transferee court, constitutes consent to trial in the transferee court sufficient to overcome the right to seek remand under 28 U.S.C. § 1407(a) and the Supreme Court's decision in *Lexecon, Inc. v. Milberg Weiss Berchad Hynes & Lerach*, 523 U.S. 26 (1998)"; and (2) "[w]hether a waiver of the right to remand under Section 1407(a) requires evidence

of a 'deliberate relinquishment of a known right' or may be shown implicitly by conduct inconsistent with an intent to seek remand."

The defendant argues on appeal that the district court erred in determining that the plaintiffs had not waived their right to a remand under § 1407(a). In evaluating this claim, we are guided in the first instance by the words of the statute itself. Section 1407(a) provides for the transfer and consolidation of civil actions involving common questions of fact pending in different districts. The transfers are made by the Panel upon its determination that the transfers would further the convenience of parties and witnesses and promote the just and efficient conduct of such actions. *Id.* Section 1407(a), however, also provides that "[e]ach action so transferred *shall be remanded* by the panel at or before the conclusion of such pretrial proceedings to the district from which it was transferred unless it shall be previously terminated." (emphasis added) *Id.* The Supreme Court in *Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach et al.*, 523 U.S. 26 (1998), was emphatic that the remand language should be given its plain meaning, stating that "[t]he Panel's instruction comes in terms of the mandatory 'shall,' which normally creates an obligation impervious to judicial discretion." *Id.* at 35. In *Lexecon*, the Court struck down a long-standing practice whereby a district court would transfer a case to itself where retaining the case would promote efficient resolution of the claims. The Panel itself had sanctioned such assignments in a rule issued in reliance on its rulemaking authority under 28 U.S.C. § 1407(f). *Id.* at 32. The Court held that regardless of whether permitting

transferee courts to make self-assignments would be more desirable than preserving a plaintiff's choice of venue, § 1407(a) categorically limits the authority of courts to override the plaintiff's choice and establishes a right to remand once the pretrial stage has been completed. *Id.* at 41-42.

We begin, then, with the proposition that the case shall be remanded by the district court at the conclusion of the pretrial proceedings, unless it is otherwise terminated as by the granting of a dispositive motion. Although the defendant at times suggests otherwise, there is no need for plaintiffs to assert their intention to seek such remand in order for the right to exist. Instead, the presumption is that the case will be remanded at the close of pretrial proceedings. Because § 1407(a) is a venue statute, however, plaintiffs may waive their right to the remand and consent to venue in the transferee court, here the Northern District of Illinois. The district court held that such a waiver may be found only if the plaintiffs deliberately relinquished a known right and that the waiver must be clear and unambiguous. The court held that the plaintiffs had failed to cross that threshold. The proper standard to apply in demonstrating waiver is the subject of much debate by the parties in this case. The defendant asserts that the requirement that a waiver be clear and unambiguous is applicable only for the waiver of constitutional rights, and that any conduct inconsistent with an intent to seek remand will suffice to demonstrate waiver of the § 1407(a) remand right. Neither party has been able to point us to any cases discussing this issue in the context of § 1407—a reflection,

undoubtedly, of the relatively minimal caselaw on the subject. We have addressed waiver in an analogous context, however, involving the waiver of the right to arbitration, and find that approach persuasive here.

As we noted in *Automobile Mechanics Local 701 Welfare and Pension Funds v. Vanguard Car Rental USA, Inc.*, 502 F.3d 740 (7th Cir. 2007), an arbitration clause is a species of forum selection clause, reflecting an *ex ante* determination by the parties of the most convenient forum to resolve disputes. *Id.* at 746, *citing Vimar Seguros y Reaseguros, S.A. v. M/V Sky Reefer*, 515 U.S. 528, 533-34 (1995). Such determinations are subject to waiver or forfeiture, and as a general rule a district court should not dismiss *sua sponte* either for improper venue or for failure to follow a forum selection clause. In determining whether a party has waived the right to enforce that arbitration clause, we held that "[c]ourts must 'determine whether based on all the circumstances, the party against whom the waiver is to be enforced has acted inconsistently with the right to arbitrate.' " *Halim v. Great Gatsby's Auction Gallery, Inc.*, 516 F.3d 557, 562 (7th Cir. 2008). That analysis of whether a party implicitly waived the right to arbitrate should encompass a variety of factors, providing significant weight to the diligence or lack thereof. *Id.* We made clear in *Halim* that it was not enough—as the defendant asserts in this case—to merely demonstrate *any* conduct inconsistent with an intent to seek arbitration. Accordingly, we held that "[a] party does not waive its right to arbitrate a dispute by filing a motion to dismiss or a motion to transfer venue," although those actions in isolation are consistent with an

intent to litigate in the courts rather than to arbitrate. *Id.* Instead, the focus is properly on the actions taken as a whole, and whether they are inconsistent with an intent to arbitrate.

The standard for waiver under § 1407(a) must be at least as strong as that employed in those arbitration cases. In both circumstances, we are presented with a vehicle for forum selection. With § 1407(a), however, we have a statutory rather than contractual determination, that if anything cautions for a stronger showing of waiver. Unlike arbitration clauses, § 1407(a) requires the district court to transfer the case—in language that the Supreme Court recognized as "impervious to judicial discretion." *Lexecon*, 523 U.S. at 35. Although in the arbitration context, we held that district courts should not *sua sponte* dismiss a case for failure to follow the arbitration clause, the district court is required to transfer a case to the Panel at the close of pretrial proceedings. The mandatory nature of the § 1407(a) transfer, and its statutory rather than contractual origin, counsel for a more rather than less restrictive waiver standard than that used in the arbitration context. Nevertheless, we need not address whether that is in fact necessary, because even under the standard articulated in the arbitration cases, the defendant has failed to demonstrate waiver here.

We consider, then, whether the plaintiffs, expressly or through conduct, evidenced an intent contrary to that statutory mandate, relinquishing the right to remand the case and consenting to retention of the case by the trans-

feree court. There is little evidence of such consent in this case. The defendant relies primarily on two actions by plaintiffs—first, the filing of a consolidated complaint in which the plaintiffs state that venue is proper in the transferee court, the Northern District of Illinois, and second, the participation in repeated pretrial proceedings in which trial dates were set by the transferee court. In the context of this case, those actions are insufficient to demonstrate an intent to relinquish the right to remand the case to the transferor court.

First, the filing of the consolidated complaint was done at the behest of the district court. As is common in such circumstances, the district court ordered the plaintiffs in the cases transferred by the Panel to file consolidated complaints—one consisting of Amsted retirees and one consisting of non-retiree participants in the ESOP. The complaint by the retirees included a statement recognizing that venue is proper in the transferee court, but that is not inconsistent with a desire to seek remand under § 1407(a) at the close of the pretrial proceedings. Venue may be proper in more than one court, and therefore the positions are not mutually exclusive. *See, e.g., Jenkins Brick Co. v. Bremer*, 321 F.3d 1366, 1371 (11th Cir. 2003).

The defendant, in arguing that the venue statement is itself sufficient to establish consent, relies almost solely on our decision in *In re African-American Slave Descendants Litigation*, 471 F.3d 754 (7th Cir. 2006). In that case, multiple lawsuits had been filed around the country seeking monetary relief for harms stemming from slavery in the

United States. The Panel consolidated all the suits in the district court in Chicago. On appeal, we noted that the plaintiffs—with the exception of plaintiff Hurdle—"filed a consolidated complaint, and since venue in Chicago was proper and in any event not objected to by the parties (other than the Hurdle group, whose objection we consider later in the opinion), the district court was unquestionably authorized, notwithstanding *Lexecon* . . . to determine the merits of the suit." (citation omitted) *Id.* at 756. The defendant argues that *African-American Slave Descendants* therefore holds that the filing of a consolidated complaint without objecting to venue constitutes a waiver of the right to seek a remand under §1407(a). There are multiple problems with that argument. First, the question before the court in *African-American Slave Descendants* was whether the district court could decide a motion to dismiss. We proceeded to hold that the transferee court may decide such motions regardless of plaintiff consent. Such motions are part of the pretrial proceedings properly before the transferee court, and therefore are resolved before the remand issue even arises. The venue determination, therefore, was irrelevant to the ultimate holding. Moreover, the opinion gives no indication of the language used in the consolidated complaint, and it is clear that the plaintiffs can in fact waive the right to § 1407(a) remand. Whether they did so there was simply not a question presented to the *African-American Slave Descendants* court, and not one decided by it. In fact, at one point the court refers to the consolidated complaint as a "new" complaint. *Id.* at 757. It is clear that plaintiffs may file a new complaint, thus removing them-

selves from the Panel's reach. For our purposes, it is sufficient to note that the court was not presented with the question as to whether a venue statement in a consolidated complaint automatically waives the right to a § 1407(a) remand, and did not decide that question. Accordingly, that case does not support the defendant's proposition that the venue statement in this case constitutes such a waiver.

Moreover, the intention of the plaintiffs in this case was made clear shortly after the consolidated complaint was filed, when both the retiree and non-retiree plaintiffs filed a motion for entry of a case management order. Their proposed order included the following language:

> 6. Trial. Subject to further order of the court , the parties are directed to have their cases ready for trial on all issues by September of 2003. The court acknowledges the parties may request the remand of one or more of the above described cases to the transferor court pursuant to *Lexecon, Inc. v. Millberg Weiss Bershad, Hynes & Lerach*, 523 U.S. 26, 118 S. Ct. 956 (1998). The remand of any cases will occur once the case is substantially ready for trial.

The court granted the plaintiffs' motion, although it apparently entered an abbreviated order that did not contain that language. Nevertheless, any ambiguity as to plaintiffs' intentions in recognizing that venue was proper in the transferee court was nullified by the proposed language. Even absent that statement, however, the mere recognition that venue is proper in the transferee

court would not establish an intent to forego the mandatory remand set forth in § 1407(a), because it is not necessarily inconsistent with the assertion of that remand right.

The defendant additionally points to the plaintiffs' participation in pretrial proceedings in the ensuing years, including the repeated establishment of specific trial dates. In cases consolidated by the Panel, it is anticipated that the transferee court will engage in all pretrial proceedings, and that remand will occur upon the conclusion of such proceedings. Therefore, the plaintiffs' participation in those proceedings is not inconsistent with the intent to seek remand upon completion of those proceedings. Certainly, much aggravation—for the parties, the district court, and this court—could have been avoided if the plaintiffs had simply made clear throughout those proceedings that they retained the option of seeking a § 1407(a) remand. Nevertheless, the question for this court is whether the conduct was inconsistent with an intent to seek remand under § 1407(a). The agreement as to trial dates is not in itself dispositive of that issue. As the plaintiffs note, the establishment of trial dates is critical to pretrial proceedings in many respects, as in the promotion of the timely completion of discovery and the facilitation of settlement negotiations. A plaintiff's acquiescence in the establishment of such dates, therefore, may be an effort to facilitate the conclusion of the pretrial stage, rather than an agreement to forego the remand mandated by § 1407(a).

That is not to say that such an agreement is not relevant. In *In re Carbon Dioxide Industry Antitrust Litiga-*

*tion*, 229 F.3d 1321 (11th Cir. 2000), the Eleventh Circuit held that plaintiffs could not seek a § 1407 remand because they had repeatedly agreed to trial in the transferee court thus consenting to venue there. The facts of that case are illustrative of the type of action by plaintiffs that can operate as a waiver of the remand right and a consent to venue in the transferee court. In *Carbon Dioxide*, at the final pretrial conference on December 11, 1995, the parties stipulated that venue and jurisdiction were proper in the Middle District of Florida and that the case would be tried by the transferee court in Orlando on February 5, 1996. *Id.* at 1322. On February 5, after the parties had assembled for jury selection, the court was informed that some of the class plaintiffs had reached settlements. *Id.* at 1323. As it happened, those settlors included the plaintiff class and the largest group of opt-out plaintiffs, whose attorneys had been expected to provide the bulk of the trial work, including direct examination of plaintiffs' major witnesses and cross-examination of defendants' key witnesses. *Id.* at 1326 n. 8. It was at that point, on the day that jury selection was to begin, that the plaintiffs expressed their desire for a § 1407(a) remand. The Supreme Court instructed the Eleventh Circuit to consider the matter in light of *Lexecon*, and the Eleventh Circuit concluded that *Lexecon* did not require remand in such a case where the plaintiffs consented to trial in the transferee court, and in fact "were fighting to keep their cases in the Middle District of Florida, not to get them out." *Id.* at 1325, 1326-27.

That case is materially different from the one presented here. The plaintiffs in *Carbon Dioxide* con-

tinued to pursue the case in the transferee court following the termination of the pretrial proceedings, and only abandoned that intention on the day of jury selection when the trial in that venue became less desirable with the settlements by other plaintiffs who were expected to do the bulk of the trial work. There is no comparable conduct here. In this case, the pretrial proceedings concluded on Friday, February 2, 2007, and on Monday, February 5, 2007, the plaintiffs requested remand pursuant to § 1407(a). They engaged in no actions subsequent to the termination of the pretrial proceedings that would indicate consent to trial in the transferee court. The setting of trial dates as part of pretrial proceedings is not in itself incompatible with an intent to seek a § 1407(a) remand, particularly where the parties expressly point out that possibility early in the proceedings as was done here. There was no ongoing effort to pursue a trial in the transferee court beyond the pretrial proceedings. Accordingly, although *Carbon Dioxide* provides a useful example of the type of actions that can constitute consent to venue in the transferee court, we do not have those types of actions here. The district court properly granted the plaintiffs request for a suggestion of remand to the Panel. Accordingly, the decision of the district court is AFFIRMED.