Ralph JACKSON, et al., Appellants

v.

TEAMSTERS LOCAL UNION 922, et al., Appellees

No. 16–7119
September Term, 2016

United States Court of Appeals, District of Columbia Circuit.

FILED ON: JUNE 6, 2017

Matthew B. Kaplan, The Kaplan Law Firm, Arlington, VA, Joann Patricia Myles, Law Office of Joann P. Myles, Largo, MD, for Appellants.

Diana M. Bardes, Lauren Powell McDermott, Esquire, John Robert Mooney, Esquire, Mooney, Green, Saindon,

Murphy & Welch, PC, Henry Adam Platt, Saul Ewing LLP, Washington, DC, for Appellees.

Before: Henderson, Griffith, and Srinivasan, Circuit Judges.

## JUDGMENT

Per Curiam

This appeal was considered on the record from the United States District Court for the District of Columbia, and briefed by counsel. The Court has accorded the issues full consideration and has determined that they do not warrant a published opinion. *See* D.C. CIR. R. 36(d). For the reasons stated below, it is

**ORDERED AND ADJUDGED** that the district court orders under review be affirmed.

After being laid off by Giant Food LLC, appellants brought a number of claims in district court against the company and two unions that had represented appellants during their employment with Giant. The district court dismissed each of appellants' claims except for a so-called "hybrid" claim brought jointly under the National Labor Relations Act, which imposes a duty of fair representation on labor unions, and Section 301 of the Labor Management Relations Act. *See Jackson v. Teamsters Local Union 922*, 991 F.Supp.2d 71, 86 (D.D.C. 2014). On September 1, 2016, the district court granted Giant and the unions summary judgment on the hybrid claim.

Appellants now appeal, raising two principal issues. First, they argue that the district court erred in granting summary judgment on their hybrid claim. Second, they contend that a $517.50 litigation sanction levied jointly and severally against Jo Ann Myles, appellants' counsel, and Robert Ciccarelli, a plaintiff below, should have been imposed solely on Ciccarelli. Because both of appellants' claims are procedurally defective, we affirm the district court's orders.

To prevail on a hybrid Section 301/duty-of-fair-representation claim against either an employer or a union, a party must demonstrate two distinct propositions: (i) the employer breached a collective bargaining agreement; and (ii) the union breached its duty of fair representation. *See DelCostello v. Int'l Bhd. of Teamsters*, 462 U.S. 151, 164–65, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983). Appellants have forfeited the first part of this two-part test by advancing a completely different theory as to how it is satisfied than they presented in the district court.

Appellants argued below that Giant violated its CBAs with the unions by:

(1) terminating Plaintiffs "when there was work to perform"; (2) conducting layoffs without regard to seniority; (3) recalling former employees without regard to seniority; (4) failing to recall Plaintiffs or put them on notice of such recall; (5) authorizing supervisors to perform Union members' work; and (6) authorizing non-Union workers to perform Union members' work.

*Jackson v. Teamsters Local Union 922*, 204 F.Supp.3d 97, 118 (D.D.C. 2016). In appellants' opening brief before this court, however, they argue only that the company violated separate memoranda of understanding it entered into with the unions by failing to offer appellants the option of being placed on the company's "recall list" for six months in lieu of receiving a severance payment. Only in their reply brief do appellants attempt to resuscitate the six arguments raised before the district court, and, even then, only in cursory fashion.

Parties generally may not raise new arguments that they failed to raise before the district court and also may not raise arguments in their reply brief that they

failed to present in their opening brief. *See, e.g., Ben–Kotel v. Howard Univ.*, 319 F.3d 532, 535 (D.C. Cir. 2003); *City of Waukesha v. EPA*, 320 F.3d 228, 250 n.22 (D.C. Cir. 2003). Appellants therefore have forfeited all of their arguments with regard to the first prong of their hybrid claim. And because prevailing on a hybrid Section 301/duty-of-fair-representation claim against any party requires satisfying *both* prongs of the test laid out in *DelCostello*, appellants' hybrid claim fails against both Giant and the unions. There is then no need to address appellants' claims that the district court committed various evidentiary errors in the proceedings leading up to its grant of summary judgment: in light of our conclusion that appellants' proffered basis for their hybrid claim is forfeited, any such errors would necessarily be harmless.

We also need not determine whether the district court erred in imposing litigation sanctions jointly and severally against Myles and Ciccarelli. Ciccarelli, who was voluntarily dismissed from this litigation except with regard to this claim, lacks standing to press it. That is because appellants do not challenge the imposition of sanctions on Ciccarelli, but only challenge the imposition of the sanctions jointly and severally against Myles. While Myles would have standing, she is listed nowhere as an appellant in the filings before this court. Although the Federal Rules of Appellate Procedure provide that "[a]n appeal must not be dismissed ... for failure to name a party whose intent to appeal is otherwise clear from the notice," Fed. R. App. P. 3(c)(4), the courts of appeals have generally rejected efforts by attorneys to join their client's appeals of sanctions when the attorney is not separately named. *See, e.g., Halim v. Great Gatsby's Auction Gallery, Inc.*, 516 F.3d 557, 564 (7th Cir. 2008); *Holloman v. Mail–Well Corp.*, 443 F.3d 832, 844 (11th Cir. 2006);

*Universal Licensing Corp. v. Paola del Lungo*, 293 F.3d 579, 583 (2d Cir. 2002). Entertaining such a claim in the set of circumstances presented here—when the named appellant (Ciccarelli) is no longer a party to the suit for any other purpose and would be harmed by a ruling that Myles should be excluded from the imposition of sanctions jointly and severally against both of them—would be particularly improper. Of course, insofar as Myles and Ciccarelli agree that any payment of the sanctions should eventually be borne exclusively by Ciccarelli, nothing in our disposition of this appeal would stand in the way of the two of them making a separate arrangement to bring about that ultimate result.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate until seven days after resolution of any timely petition for rehearing or rehearing *en banc*. *See* Fed. R. App. P. 41(b); D.C. Cir. R. 41.