**CABINETREE OF WISCONSIN, INCORPORATED, Plaintiff–Appellee,**

v.

**KRAFTMAID CABINETRY, INCORPORATED, Defendant–Appellant.**

No. 94–2872.

United States Court of Appeals, Seventh Circuit.

Argued Jan. 24, 1995.

Decided March 3, 1995.

Gordon F. Barrington, Wauwatosa, WI (argued), for plaintiff-appellee Cabinetree of Wisconsin, Inc.

Thomas R. Schrimpf, Hinshaw & Culbertson, Milwaukee, WI (argued), for defendant-appellant Kraftmaid Cabinetry, Inc.

Before POSNER, Chief Judge, and CUMMINGS and ROVNER, Circuit Judges.

POSNER, Chief Judge.

This appeal in a diversity breach of contract suit requires us to consider the circumstances in which a procedural choice operates as a waiver of a contractual right to arbitrate. The plaintiff, Cabinetree, had made a contract with the defendant, Kraftmaid, in 1989 whereby Cabinetree became a franchised distributor in Wisconsin of kitchen and bath cabinets made by Kraftmaid. In September 1993, Cabinetree filed suit in a Wisconsin state court against Kraftmaid, charging that Kraftmaid had terminated the franchise in violation of the Wisconsin Fair Dealership Law, Wis.Stat. §§ 135.01 *et seq.*, and of Wisconsin common law as well. The case was removable to federal district court, and within the thirty-day limit specified by law Kraftmaid removed the case to a federal district court in Wisconsin. 28 U.S.C. §§ 1441(a), 1446(b). Discovery began. In January 1994, a trial date of December 6, 1994, was set. In response to Kraftmaid's discovery demands, Cabinetree produced almost two thousand documents. Kraftmaid dragged its heels in responding to Cabinetree's discovery demands.

On July 11 Kraftmaid dropped a bombshell into the proceedings. It moved the district court under 9 U.S.C. § 3 to stay further proceedings pending arbitration of the parties' dispute. (A plaintiff who wants arbitration moves for an order to arbitrate. 9 U.S.C. § 4. A defendant who wants arbitration is often content with a stay, since that will stymie the plaintiff's effort to obtain relief unless he agrees to arbitrate.) The franchise agreement, which had been drafted by Kraftmaid, provides that "any controversy, claim, dispute, credit, or other matter in question should be decided by arbitration in Cleveland, Ohio in accordance with the rules of the American Arbitration Association." Cleveland is Kraftmaid's headquarters.

The district court denied the motion, and Kraftmaid appeals, as it is entitled to do, even though the denial of its motion to stay was an interlocutory ruling. 9 U.S.C. § 16(a)(1)(A).

■ Our decision in *St. Mary's Medical Center of Evansville, Inc. v. Disco Alumi-*

*num Products Co.*, 969 F.2d 585 (7th Cir. 1992), establishes four principles that frame our analysis in this case: 1. Review of a finding that a party has waived its contractual right to invoke arbitration is for clear error only; it is not plenary. 2. Such a waiver can be implied as well as express. 3. In determining whether a waiver has occurred, the court is not to place its thumb on the scales; the federal policy favoring arbitration is, at least so far as concerns the interpretation of an arbitration clause, merely a policy of treating such clauses no less hospitably than other contractual provisions. 4. To establish a waiver of the contractual right to arbitrate, a party need not show that it would be prejudiced if the stay were granted and arbitration ensued.

 Today we take the next step in the evolution of doctrine, and hold that an election to proceed before a nonarbitral tribunal for the resolution of a contractual dispute is a presumptive waiver of the right to arbitrate. Although not compelled by our previous cases, this presumption is consistent with them; for we have deemed an election to proceed in court a waiver of a contractual right to arbitrate, without insisting on evidence of prejudice beyond what is inherent in an effort to change forums in the middle (and it needn't be the exact middle) of a litigation. *Ohio–Sealy Mattress Mfg. Co. v. Kaplan*, 712 F.2d 270, 273–74 (7th Cir.1983); *Midwest Window Systems, Inc. v. Amcor Industries, Inc.*, 630 F.2d 535, 537 (7th Cir.1980). And the District of Columbia Circuit likewise. *National Foundation for Cancer Research v. A.G. Edwards & Sons, Inc.*, 821 F.2d 772 (D.C.Cir.1987), esp. p. 777. Other courts require evidence of prejudice—but not much. E.g., *Kramer v. Hammond*, 943 F.2d 176, 179–80 (2d Cir.1991); *Miller Brewing Co. v. Fort Worth Distributing Co.*, 781 F.2d 494, 497–98 (5th Cir.1986); *S & H Contractors, Inc. v. A.J. Taft Coal Co.*, 906 F.2d 1507, 1514 (11th Cir.1990). Ours may be the minority position but it is supported by the principal treatise on arbitration. 2 Ian R. Macneil, Richard E. Speidel & Thomas J. Stipanowich, *Federal Arbitration Law: Agreements, Awards, and Remedies under the Federal Arbitration Act* § 21.3.3 (1994). It is not a revival of the doctrine of election

of remedies, which survives only as a bar to double recovery. *Olympia Hotels Corp. v. Johnson Wax Development Corp.*, 908 F.2d 1363, 1371 (7th Cir.1990); UCC § 2–703, Official Comment 1. For what is in question here is not a choice between remedies in the usual sense (rescission versus damages, damages versus an injunction, and so forth) but the selection of the forum. Cf. 1 Dan Dobbs, *Law of Remedies: Damages–Equity–Restitution* § 1.1 (2d ed. 1993). We add that in ordinary contract law, a waiver normally is effective without proof of consideration or detrimental reliance. E. Allan Farnsworth, *Contracts* § 8.5 (2d ed. 1990); 3A Arthur Linton Corbin, *Corbin on Contracts* § 753 (1960); and see the majority and dissenting opinions in *Wisconsin Knife Works v. National Metal Crafters*, 781 F.2d 1280 (7th Cir.1986).

 An arbitration clause gives either party the choice of an alternative, nonjudicial forum in which to seek a resolution of a dispute arising out of the contract. But the intention behind such clauses, and the reason for judicial enforcement of them, are not to allow or encourage the parties to proceed, either simultaneously or sequentially, in multiple forums. Cabinetree, which initiated this litigation, could, instead of filing suit in a Wisconsin state court, have demanded arbitration under the contract. It did not, thus signifying its election not to submit its dispute with Kraftmaid to arbitration. Kraftmaid if it wanted arbitration could have moved for a stay of Cabinetree's suit in the Wisconsin state court. It did not. Instead it removed the case to federal district court. By doing so without at the same time asking the district court for an order to arbitrate, it manifested an intention to resolve the dispute through the processes of the federal court. To resolve the dispute thus is not to resolve it through the processes of the American Arbitration Association.

 We have said that invoking judicial process is *presumptive* waiver. For it is easy to imagine situations—they have arisen in previous cases—in which such invocation does not signify an intention to proceed in a court to the exclusion of arbitration. *Miller*

*v. Drexel Burnham Lambert, Inc.,* 791 F.2d 850, 854 (11th Cir.1986) (per curiam); *Dickinson v. Heinold Securities, Inc.,* 661 F.2d 638, 641–42 (7th Cir.1981). There might be doubts about arbitrability, and fear that should the doubts be resolved adversely the statute of limitations might have run. Some issues might be arbitrable, and others not. The shape of the case might so alter as a result of unexpected developments during discovery or otherwise that it might become obvious that the party should be relieved from its waiver and arbitration allowed to proceed. We need not try to be exhaustive. It is enough to hold that while normally the decision to proceed in a judicial forum is a waiver of arbitration, a variety of circumstances may make the case abnormal, and then the district court should find no waiver or should permit a previous waiver to be rescinded. *Envirex, Inc. v. K.H. Schussler für Umwelttechnik GmbH,* 832 F.Supp. 1293, 1296 (E.D.Wis.1993); see also *Gilmore v. Shearson/American Express, Inc.,* 811 F.2d 108, 113 (2d Cir.1987). In such a case prejudice to the other party, the party resisting arbitration, should weigh heavily in the decision whether to send the case to arbitration, as should the diligence or lack thereof of the party seeking arbitration—did that party do all it could reasonably have been expected to do to make the earliest feasible determination of whether to proceed judicially or by arbitration?

In this case, despite the one-sided character of the compliance to date with the demands for discovery, there would have been no demonstrable prejudice to Cabinetree from ordering arbitration in July 1994, even though that was nine months after the filing of the lawsuit and eight months after the removal of the suit to federal district court. Although the discovery provisions of the Federal Rules of Civil Procedure are more generous than those of the American Arbitration Association, Kraftmaid has agreed to match all disclosures that Cabinetree has made to it in compliance with its demands for discovery; breach of that agreement would surely warrant the dissolution of the stay, if one were granted, though we cannot find any case on the point. Given this agreement, it is not even clear that the delay in filing the motion for a stay has prolonged Cabinetree's suit, since the delay was taken up productively by the making of and complying with requests for discovery. Nor is delay automatically a source of prejudice.

Still we think the judge was right to find a waiver. The presumption that an election to proceed judicially constitutes a waiver of the right to arbitrate has not been rebutted. There is no plausible interpretation of the reason for the delay except that Kraftmaid initially decided to litigate its dispute with Cabinetree in the federal district court, and that later, for reasons unknown and with no shadow of justification, Kraftmaid changed its mind and decided it would be better off in arbitration. Neither in its briefs nor at oral argument did Kraftmaid give any reason for its delay in filing the stay besides needing time "to weigh its options." That is the worst possible reason for delay. It amounts to saying that Kraftmaid wanted to see how the case was going in federal district court before deciding whether it would be better off there or in arbitration. It wanted to play heads I win, tails you lose.

Selection of a forum in which to resolve a legal dispute should be made at the earliest possible opportunity in order to economize on the resources, both public and private, consumed in dispute resolution. This policy is reflected not only in the thirty-day deadline for removing a suit from state to federal court but also in the provision waiving objections to venue if not raised at the earliest opportunity. Fed.R.Civ.P. 12(h)(1). Parties know how important it is to settle on a forum at the earliest possible opportunity, and the failure of either of them to move promptly for arbitration is powerful evidence that they made their election—against arbitration. Except in extraordinary circumstances not here presented, they should be bound by their election.

AFFIRMED.