In the
United States Court of Appeals
For the Seventh Circuit

No. 99-4238

Andrew S. Grumhaus and
Leslie Grumhaus-Davidson,

Plaintiffs-Appellees,

v.

Comerica Securities, Inc., as successor-in-interest
to Comerica Financial Services Inc.,

Defendant-Appellant.


Appeal from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 99 C 1776--James B. Moran, Judge.


Argued May 30, 2000--Decided August 3, 2000


Before Posner, Coffey and Kanne, Circuit Judges.

Kanne, Circuit Judge.  A year after Andrew S. Grumhaus and Leslie Grumhaus Davidson ("the Grumhaus children") sued Comerica Securities in state court and nearly six months after the case was dismissed, they demanded a chance to arbitrate the dispute. Comerica resisted arbitration on the ground that the contractual right to arbitrate had been waived. The Grumhaus children moved to compel arbitration, and the district court ruled that the Grumhaus children had not waived arbitration and entered an order to compel. We find that no special circumstances absolve the Grumhaus children from the effect of their waiver of the right to arbitrate, and we vacate the district court's order.

I.  History

Peter Dean Grumhaus, Sr., the Grumhaus children's father, had borrowed heavily from LaSalle Bank on his own behalf and for several businesses he either owned or controlled. After some financial setbacks, Grumhaus found himself strapped for cash to pay off the loans. The Grumhaus children owned large blocks of stock in Dean Foods, a company that the family had controlled for many years, and Grumhaus decided to use this stock to pay back LaSalle Bank. To do

so, Grumhaus needed to establish accounts with a securities trading firm and liquidate the Dean Foods stock that was in his children's names. The Grumhaus children signed the papers establishing the brokerage accounts, and LaSalle presented those papers to Comerica, a securities firm affiliated with LaSalle. The children never agreed to sell their stock, and Grumhaus apparently forged his children's signatures on the loan applications pledging the stock as collateral and on the orders to sell the stock. The stock was sold in 1994 and the proceeds used to pay off the LaSalle loans. Two years later, after Grumhaus died, his children discovered their stock had been sold.

In October 1997, the Grumhaus children sued Comerica, LaSalle and another brokerage firm in Illinois state court. That complaint stated several claims "collectively against the defendants" revolving around the unauthorized sale of the children's stock by Comerica to pay off the LaSalle loans. The complaint sought damages equal to the present value of the stock and the establishment of a constructive trust for the proceeds of the sale. LaSalle moved to dismiss the case, and on March 17, 1998, the state court dismissed the complaint against all defendants, with leave to refile. In its order, the court stated that "[n]othing contained herein shall waive any party's right (i) to argue that an alleged contractual arbitration clause compels litigation of this case in another tribunal, or (ii) to argue that any such arbitration clause is either inapplicable or unenforceable." Two months later, the Grumhaus children refiled their complaint against LaSalle, but voluntarily dismissed without prejudice their claims against Comerica. In their voluntary dismissal, the Grumhaus children expressed an intent to arbitrate the dispute with the brokerage firms.

Six months later, the Grumhaus children filed a demand for arbitration with the National Association of Securities Dealers. That demand alleged that Comerica had wrongfully sold the Dean Foods stock, relying on forged documents supplied by LaSalle, to pay off the LaSalle loans. For damages, the Grumhaus children sought the value of the stock. Comerica refused to enter arbitration.

The federal district court held that the parties had an enforceable arbitration agreement and that the Grumhaus children had not waived that right by litigating in state court. The district court recognized the presumption that a party waives a right to arbitrate by choosing a judicial forum instead of arbitration, but held that the presumption was outweighed by several

factors. Among them, the court found that the issues in arbitration were different than those in the state complaint, Comerica had not been prejudiced by the judicial proceeding and that the "skeletal nature" of the proceeding and the court's order had not indicated an intent to waive arbitration.

II.  Analysis

We first address whether this Court has jurisdiction to decide this appeal. We find that we do. Under the law of this Circuit, an order to compel arbitration cannot be appealed if it is part of a larger suit still before the district court, or "embedded" among multiple issues. See Iowa Grain Co. v. Brown, 171 F.3d 504, 508 (7th Cir. 1999); Napleton v. General Motors Corp., 138 F.3d 1209, 1212 (7th Cir. 1998). This Court may hear an appeal from an order in an "independent" proceeding, or one in which the motion to compel arbitration is the "sole issue before the district court." Iowa Grain, 171 F.3d at 508. The Grumhaus children contend that their motion is embedded, and therefore the order compelling arbitration cannot be appealed.

The Grumhauses initially filed an independent complaint in the district court to compel arbitration of their dispute. After briefing and while awaiting the court's decision, they filed an amended complaint adding substantive claims against Comerica in an attempt to transform their arbitration action into an embedded action. All along, they admitted they wanted those substantive claims, which were the same as the claims to be submitted to arbitration, to be arbitrated, not decided by the court. In fact, they asked the court to stay litigation of the amended complaints and not require Comerica to answer it because the court's disposition of the arbitration claim would completely dispose of the substantive claims. The Federal Arbitration Act prohibits only appeals from interlocutory orders to proceed with arbitration, not from final orders. See 9 U.S.C. sec. 16(b)(2). The district court in this case entered a final judgment that indicated "cause dismissed" and ordered the parties to arbitration. No further issues remain for the district court to answer, and so it is clear that the Grumhaus's arbitration motion was the sole issue before the court. Therefore, the court's order constitutes a final order from which appeal can be taken.

We next decide whether the Grumhaus children waived their right to arbitrate the dispute with Comerica. We review a district court's finding of waiver for clear error, but review de novo any conclusions of law. See Iowa Grain, 171 F.3d at

509. A contractual right to arbitrate may be waived, either expressly or implicitly. See Cabinetree of Wisconsin, Inc. v. Kraftmaid Cabinetry, Inc., 50 F.3d 388, 390 (7th Cir. 1995); St. Mary's Med. Ctr. of Evansville, Inc. v. Disco Aluminum Products Co., 969 F.2d 585, 587 (7th Cir. 1992). In fact, we have held that a court must presume that a party implicitly waived its right to arbitrate when it chooses a judicial forum for the resolution of a dispute. See Cabinetree, 50 F.3d at 390. Once a party selects a forum, the courts have an interest in enforcing that choice and not allowing parties to change course midstream. See id. The central question is whether the party against whom the waiver is to be found intended its selection and not whether either party would be prejudiced by the forum change. See id. In the case of an implied waiver, we must determine whether "based on all the circumstances, the [party against whom the waiver is to be enforced] has acted inconsistently with the right to arbitrate." St. Mary's, 969 F.2d at 588; see also Iowa Grain, 171 F.3d at 510 (holding that courts must look at totality of the circumstances to find waiver).

In Cabinetree, the plaintiff filed a breach of contract suit in state court, and the defendant chose to remove the case to federal court, which had jurisdiction under diversity of citizenship. After six months of pretrial proceedings and discovery, the defendant moved to stay the court action pending arbitration. The district court denied the motion, and the defendant appealed. We held that the election to proceed in a nonarbitral forum acted as a presumptive waiver of the right to arbitrate and that a party need not show that it would be prejudiced if arbitration were compelled. 50 F.3d at 390.

Similarly, in St. Mary's, the plaintiff had filed an amended complaint for breach of warranty in federal district court in July 1990. 969 F.2d at 586-87. The defendant waited about five months and then moved for dismissal of the complaint as time barred and, in the alternative, as insufficient as a matter of law. Several more months passed without mention of arbitration, and after the district court finally denied the motion to dismiss, the defendant for the first time moved for a stay pending arbitration. The district court found that the defendant had waived arbitration for three reasons: delay, participation in discovery and filing a motion to dismiss. We upheld the district court, finding that the defendant's participation in several months of litigation was inconsistent with an intent to exercise an arbitration right. Id. at 590-91. "Submitting a case to the district court for decision is not consistent with a desire to

arbitrate. A party may not normally submit a claim for resolution in one forum and then, when it is disappointed with the result in that forum, seek another forum." Id. at 589. Furthermore, we held that "a court may find waiver even if [the decision to forgo arbitration] did not prejudice the non-defaulting party." Id. at 590.

Here, the plaintiffs filed suit against Comerica in October 1997 and litigated their claims for several months. In March 1998, the state court dismissed the complaint. Understandably disappointed with that result, the Grumhaus children decided that they wanted to arbitrate. Still they waited several more months, until more than year after filing the initial action, to demand arbitration formally. The plaintiffs were aware of their right to arbitrate, as it was included in the documents they signed establishing their brokerage accounts, but chose instead to litigate. Just as in St. Mary's and Cabinetree, this knowing selection of one forum over another and willing participation in the ensuing litigation was plainly inconsistent with a desire to arbitrate.

The Grumhaus children attempt to distinguish St. Mary's on the ground that, unlike the defendants in St. Mary's, they "never submitted their state court action for judgment." This is not even technically correct. Filing a complaint in district court most certainly constitutes a request for judgment, as the words "prays for entry of judgment" as used repeatedly by the Grumhaus children would tend to indicate. Although it is true that in St. Mary's the defaulting party submitted a motion to dismiss while here the non-defaulting party (Comerica) submitted the motion, that distinction relates solely to the different roles of the parties as plaintiff or defendant. In St. Mary's, the issue was whether the defendants had submitted the case for resolution in a judicial forum, a fact indicated by filing a motion to dismiss, while here the issue is whether the plaintiffs had. Unlike a defendant, a plaintiff expresses his intent to submit to a judicial forum by filing a complaint, as the Grumhaus children did. Had Comerica failed to respond at all to the suit, we have no doubt the Grumhaus children would have thought themselves entitled to a default judgment against Comerica. The Grumhaus children having filed a complaint in district court may not now say they did not submit the case for judgment.

The Grumhaus children also contend that waiver cannot be inferred because their state court action against Comerica involved different causes of action than those at issue in their request to arbitrate. In Gingiss International, Inc. v.

Bormet, 58 F.3d 328, 332 (7th Cir. 1995), we held that a decision to litigate state law breach of contract claims did not evince an intent to waive arbitration of federal Lanham Act claims because the two claims "involved different issues." See also Doctor's Associates, Inc. v. Distajo, 107 F.3d 126, 133 (2d Cir. 1997) ("[O]nly prior litigation of the same legal and factual issues as those the party now wants to arbitrate results in waiver of the right to arbitrate."). Doctor's Associates involved claims by franchisees that the franchisor had waived its right to arbitrate disputes under the franchise agreement by litigating eviction proceedings under leases between the franchisor and franchisees. Id. The franchisor sought to enforce rights to payments, royalties and so forth under the franchise agreements through arbitration as allowed by the agreements, but also sought to enforce rights created by the leases through eviction proceedings. The Second Circuit, citing Gingiss, 58 F.3d at 330-32, rejected a simple fact-based analysis of whether the defaulting party had waived its right to arbitrate, but looked instead to whether the parties had "litigate[d] substantial issues going to the merits of the franchisees' current claims." Doctor's Associates, 107 F.3d at 133. The court found the issues sufficiently distinct to avoid a finding of waiver because, among other things, the claims in the eviction proceedings, unlike those in the franchise agreement disputes, were nonarbitrable. Id.; see also Gilmore v. Shearson/American Express, Inc., 811 F.2d 108, 114 (2d Cir. 1987) (holding that complaint did not "alter the scope or theory" of the claims to which one party had already explicitly waived arbitration, and therefore the waiver applied to the claims raised in the complaint).

We agree that different claims may arise from a common factual basis, and that in one claim, a party may wish to waive arbitration while preserving that right in the other. However, as we said in Gingiss, when the same issues are presented, a party may not escape the effect of its waiver by minimally restyling the claim and presenting it for arbitration. The Grumhaus children contend that because they brought "different causes of action" in their request to arbitrate, they have successfully brought different issues. In this view, any distinction between the legal elements required to plead one cause and those required for a second would allow the plaintiff to escape the effect of a waiver. The federal courts long ago ceased using the arcane and overly technical system of code pleading and causes of action in favor of a more substance oriented system that focuses on the merits of issues raised in court filings. See,

e.g., Bartholet v. Reishauer A.G. (Zurich), 953 F.2d 1073, 1078 (7th Cir. 1992) (explaining purposes behind shift from fact to notice pleading). Our choice of the word "issue" in Gingiss reflects this continuing determination to focus on the substantive merits of various claims, rather than on the purely technical aspects.

The Grumhaus children contend that the causes of action brought in the state court--conversion, unjust enrichment, constructive trust and constructive fraud--are different from those in the arbitration claim--negligence, breach of duty, violations of state and federal securities laws. However, it is all one dispute, stemming entirely from Comerica's action in liquidating the Dean Foods stock belonging to the Grumhauses, and the issue-- whether Comerica wrongfully liquidated the stocks--is the same. The choices of remedies are the same in both actions, and a favorable resolution of one would have precluded as a double recovery relief in the other. Thus, the case is distinguishable from Gingiss and Doctor's Associates, in which the rights and remedies underlying the different claims were distinct. When the Grumhaus children chose to file suit against Comerica over the wrongful liquidation of their assets, they waived their right to have an arbitrator resolve that dispute.

We have held that even when the presumption applies, other factors may absolve the defaulting party of its effect. See Cabinetree, 50 F.3d at 390-91. We outlined some of those special circumstances in Cabinetree, 50 F.3d at 391, but none applies here. The plaintiffs had no special concern about a statute of limitations or doubts about whether their claims were arbitrable, nor did the litigation take such unexpected turns to make it obvious that the Grumhaus children should be relieved from their waiver. Prejudice and delay also may be factors in relieving one party from its waiver, see id., but these factors are not compelling here. Comerica was not unduly prejudiced by the Grumhaus children's delay in seeking arbitration, but the Grumhaus children did not do all they reasonably should have been expected to do to make the "earliest feasible determination" of which forum to elect. Id. It took more than a year after they initiated a court suit to formally demand arbitration. Until then, Comerica could not be sure, despite some suggestions in May 1998, that the plaintiffs would seek arbitration. This lack of diligence by the Grumhaus children counsels against absolving them of their waiver.

III.  Conclusion

The Grumhaus children chose to litigate their dispute against Comerica and thereby waived their contractual right to arbitrate. Under the law of this Circuit, they must now live with that choice. The district court erred in finding that the plaintiffs had not waived arbitration, and we hereby Vacate the order compelling arbitration.