NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois  60604**

Argued April 25, 2013
Decided August 6, 2013

**Before**

DANIEL A. MANION, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

JOHN Z. LEE, *District Judge*[*]

No. 12-3482

| | |
|---|---|
| Anthony Cooper, individually and on behalf of others similarly situated, *Plaintiff-Appellant*, | Appeal from the United States District Court for the Southern District of Illinois |
| *v.* | No. 11-CV-906 |
| Asset Acceptance, LLC, *Defendant-Appellee*. | **Michael J. Reagan**, *Judge*. |

**O R D E R**

**I. Facts**

In October 2004, Anthony Cooper opened a personal line of credit with Household Finance Corporation III ("HSBC"). He signed an account agreement that included a standard arbitration rider requiring him to arbitrate "any claim, dispute, or controversy." Cooper took a cash advance on the account, but was unable to meet his

---

[*] John Z. Lee, District Judge for the Northern District of Illinois, sitting by designation.

payment obligations and defaulted. Near the end of July 2007, Asset Acceptance ("Asset"), a debt collection company, purchased a portfolio of delinquent accounts, including Cooper's, from HSBC. Two years later, Asset filed suit against Cooper in Illinois state court for the full amount owed on the account (at this point, $15,635.28). The court assigned the matter to arbitration, and in September 2010, the arbitrators entered an award in Asset's favor. Cooper filed a rejection to the arbitration award, and the case was returned to state court.

The court then held a bench trial, and on January 11, 2011, the court found in favor of Asset and awarded it $15,731.12, plus costs. Cooper appealed, but while the appeal was pending, the parties reached a settlement agreement. The terms of the settlement included dismissing the appeal, vacating the judgment of the court, and dismissing the underlying lawsuit with prejudice. After the suit was dismissed, Cooper filed suit in Illinois state court on behalf of himself and as a putative class against Asset. Cooper's two-count complaint alleged that (1) Asset violated Section 8 of the Illinois Consumer Agency Act ("ICAA") by employing invalid assignment practices, and that (2) Asset was unjustly enriched by violating the law.

Asset removed the case to federal court in October 2011 and shortly thereafter filed a motion to dismiss Cooper's complaint While that motion was pending, the parties participated in several scheduling conferences. In December, Cooper sought an additional twenty-eight days to file his response to Asset's motion to dismiss. The district court granted the motion, and Cooper then filed his response in January 2012, to which Asset filed a reply. While Asset's motion to dismiss remained pending, the parties proceeded to discovery. In February, Cooper served Asset with interrogatories and request for documents. Asset filed its responses (which consisted entirely of objections) to Cooper's requests in March, and shortly thereafter served Cooper with its own discovery requests. The district court scheduled a discovery dispute conference for late April, and shortly before the conference, Asset filed a motion to stay discovery. During this time, Asset also offered to settle Cooper's claims individually and on a non-class basis.[2]

The district court denied Asset's motion to stay discovery, and shortly thereafter, it also denied Asset's motion to dismiss. Asset then filed a motion to compel arbitration.

---

[2] Cooper rejected the settlement offer on the grounds that he could not settle the case because he had filed a Motion for Class Certification in Illinois state court prior to removal, which prevented him from accepting an individual settlement. Both the district court and Asset were unaware that this class certification motion had been filed.

While the district court was considering this motion, the parties continued to exchange responses to discovery requests. Cooper responded to Asset's motion to compel arbitration in June 2012 and opposed it. Around this time, both parties informed the district court that they had resolved their discovery disputes. In October 2012, the district court granted Asset's motion to compel arbitration and dismissed Cooper's case without prejudice. Cooper now appeals the district court's order granting Asset's motion to compel arbitration and dismissing his case.

## II. Discussion

The arbitration rider Cooper assented to when he signed his account agreement with HSBC requires him to arbitrate "any claim, dispute, or controversy" arising from the account. There is no dispute that this is broad enough to cover Cooper's claims against Asset, but Cooper claims that Asset waived its right to arbitrate the case. Contractual rights can be waived, *see St. Mary's Med. Ctr. of Evansville, Inc. v. Disco Aluminum Prods. Co., Inc.*, 969 F.2d 585, 587 (7th Cir. 2002), and the only issue on appeal is whether Asset waived its right to arbitrate Cooper's claims. Such waiver can be either explicit or inferred from a party's actions, *see id.*, and here, the parties agree that Asset did not explicitly waive its right to arbitrate. The question we must consider, then, is whether waiver can be inferred from Asset's course of conduct prior to filing its motion to compel arbitration.

The district court ruled that Asset had not waived its right to compel arbitration and then granted Asset's motion to compel arbitration and dismissed Cooper's case without prejudice. While the factual findings that led to the district court's conclusion are reviewed for clear error, "the question of whether [Asset's] conduct amounts to waiver is reviewed de novo." *Kawasaki Heavy Indus., Ltd. v. Bombardier Recreational Prods., Inc.*, 660 F.3d 988, 994 (7th Cir. 2011) (internal quotations omitted). We must determine whether, "considering the totality of the circumstances, a party acted inconsistently with the right to arbitrate." *Id.* We focus on several factors when making this determination, including whether the party attempting to invoke its right to arbitrate acted diligently in doing so, whether the invoking party participated in litigation, substantially delayed its request for arbitration, or participated in discovery. *Id.* We also consider the degree of prejudice that would be suffered by the party against whom arbitration has been invoked. *See St. Mary's*, 969 F.2d at 590. Finally, we have held that "when a party chooses to proceed in a judicial forum, there is a rebuttable presumption that the party has waived its right to arbitrate." *Kawasaki*, 660 F.3d at 995.

Cooper argues that Asset's conduct showed that it fully intended to participate in the litigation. He submits that Asset failed to move for arbitration in state court, removed the case from state to federal court, moved to dismiss the case, and participated in discovery and various scheduling conferences. This course of conduct, he contends, shows that Asset fully intended to litigate the case in a judicial forum and thereby waived its right to invoke arbitration. In support of his argument, he relies chiefly on *St. Mary's*, 969 F.2d 585, and on *Cabintree of Wis., Inc. v. Kraftmaid Cabinetry, Inc.*, 50 F.3d 388 (7th Cir. 1995). In *St. Mary's*, we held that the defendant's filing of a motion to dismiss or for summary judgment demonstrated an intent to proceed with litigation. 969 F.2d at 589. We also discussed the key differences between a mere motion to dismiss and a motion for summary judgment, which would terminate "the case just as surely as a judgment entered after a trial." *Id.* Here, Asset moved to dismiss the case, not for summary judgment, and also moved to stay discovery pending the motion's resolution. Such actions do not show the clear intent to litigate that we saw in *St. Mary's*. And as we recently held in *Kawasaki*, a party does not waive its right to arbitrate simply by filing a motion to dismiss. 660 F.3d at 995.

Cooper's reliance on *Cabintree* is likewise unavailing. In *Cabintree*, the defendant removed the case to federal court and participated in extensive discovery. 50 F.3d at 389. Considering both the removal and the extensive participation in discovery, we held that the defendant chose to proceed in litigation, which triggered a presumption of waiver. *Id.* at 390-91. The defendant could not overcome that presumption, and we ruled that it had waived its right to arbitrate. *Id.* While Asset did remove the case to federal court, its participation in discovery was not as extensive as that of the defendant in *Cabintree*. Furthermore, Asset moved to stay discovery while its motion to dismiss was pending, which evinced its desire *not* to participate in litigation. It only did so because the district court denied its motion to stay.

Moreover, in *Cabintree* the defendant waited to file its motion to compel arbitration until six months before the trial date, effectively "dropp[ing] a bombshell" into the proceedings. *Id.* at 389. Here, Asset filed its motion to compel arbitration fourteen months prior to the trial date, but immediately after the district court declined to grant its motion to dismiss. As another district court cogently observed, this "modest delay in [filing a motion to compel arbitration] certainly is nothing extraordinary amid the delay endemic to the world of the law and does not shock the Court's conscience." *Nat'l Loan Exch., Inc. v. LR Receivables Corp.*, No. 08–527–GPM, 2009 WL 466459, at *3 (S.D. Ill. Feb. 25, 2009). Here, there was no "bombshell" dropped into the litigation, and any delay in Asset's filing of its motion to compel arbitration resulted from waiting for

the district court's ruling on its motion to dismiss. Finally, any presumption of waiver due to Asset's removal of the case to federal court is rebuttable where a party's activities did not "signify an intention to proceed in a court to the exclusion of arbitration." *Cabintree*, 50 F.3d. at 390. We see no clear error in the district court's determination that Asset did not commit to a non-arbitral resolution of its dispute with Cooper, particularly in light of the fact that Asset attempted to stay discovery and only participated in discovery because the district court declined to do so.[3]

### III. Conclusion

In short, Asset did not waive its right to invoke arbitration. The facts that Asset removed the case to federal court and filed a motion to dismiss are not sufficient, in the totality of the circumstances here, for finding waiver, particularly in light of the fact that Asset only participated in discovery because the district court declined to stay discovery pending its ruling on the motion to dismiss. The district court properly weighed the relevant factors and determined that Asset did not waive its right to arbitrate the case. We see no error in that conclusion, given the strong federal policy in favor of arbitration. Therefore, the district court's order granting Asset's motion to compel arbitration and dismissing Cooper's case without prejudice is

**AFFIRMED**.

---

[3] We also note that this is the second round of litigation in this case, as Cooper had already been sued by, and then settled with, Asset after arbitration and a bench trial. These kinds of collection disputes are best resolved in arbitration, and any prejudice Cooper might suffer as a result of being compelled to arbitrate his claims is minimal here. He can object to whatever decision the arbitrators ultimately reach and challenge it in court. The district court, in its sound discretion, clearly thought that this matter should be resolved in arbitration, and we will not disturb its order.