**AFFIRMED and Opinion Filed August 21, 2024**



In The
**Court of Appeals**
**Fifth District of Texas at Dallas**

_____

No. 05-23-01149-CV
_____

**DALLAS EXCAVATION SYSTEMS, INC., EDUARDO CHAVEZ,
AND ANTONIO CASTREJON, Appellants**
**V.**
**VICTOR ALEXANDER ORELLANA, DORA ALICIA ORELLANA,
DEL REY SPORTS BAR LLC, AND REY'S SPORTS BAR LLC, Appellees**

**On Appeal from the 192nd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-22-11298**

## OPINION

Before Justices Molberg, Nowell, and Kennedy
Opinion by Justice Molberg

In this accelerated interlocutory appeal, appellants Dallas Excavation

Systems, Inc. (DES), Eduardo Chavez, and Antonio Castrejon appeal the trial court's

order denying their motion to compel arbitration. This consolidated lawsuit involves

claims between appellants and appellees Victor Alexander Orellana (Victor), Dora

Alicia Orellana (Dora),[1] Del Rey Sports Bar LLC (Del Rey), and Rey's Sports Bar

_____

[1] For clarity and brevity, we refer to appellees Victor and Dora Orellana by their first names.

LLC (Rey's). As explained below, we conclude the trial court did not abuse its discretion by denying appellants' motion to compel arbitration because, based on the record and totality of circumstances before us, appellants waived their right to arbitration by substantially invoking the judicial process. Accordingly, we affirm the trial court's order.

## I. BACKGROUND

DES previously employed Victor, who is Dora's son. Dora was part-owner of a restaurant (Restaurant) located in Irving, Texas.

At some point, Chavez and Castrejon approached Dora and Victor, proposing that DES invest in the Restaurant, and according to appellants, a written agreement was reached and signed on or about September 14, 2021. Around the same time as the initial proposal, Victor approached Castrejon about borrowing funds to purchase a car. Castrejon, as DES's president, authorized DES to loan amounts to Victor, which were to be repaid with deductions from Victor's DES paycheck.

On August 31, 2022, DES sued Victor on the loan, asserting a claim for money had and received and seeking to recover unpaid loan amounts totaling $25,200, along with court costs and pre- and post-judgment interest.

On September 12, 2022, DES, Chavez, and Castrejon filed a separate lawsuit against Victor, Dora, Del Rey, and Rey's, asserting claims for money had and received, seeking unpaid amounts totaling $427,122.27, along with court costs and pre- and post-judgment interest, as well as an involuntary winding up and

termination of Del Rey. In their petition, appellants alleged that on or about September 14, 2021, Chavez, Castrejon, Victor, and Dora formed Del Rey to manage, fund, and operate the Restaurant and that, from September 2021 through May 2022, DES contributed more than $427,000 to Rey's operations. Appellants' petition further alleged that certain agreements were made and were reduced to a written agreement signed by Chavez, Castrejon, and Dora. Finally, appellants alleged that on or about May 22, 2022, Victor and Dora breached the "Company Agreement" by locking out appellants from the Restaurant and refusing to pay back the unpaid balance of $427,122.27 loaned by DES.

In response, Victor and Dora filed counterclaims against appellants for negligent misrepresentation, fraud, and violations of the Deceptive Trade Practices-Consumer Protection Act (DTPA).[2]

In February 2023, Victor moved to consolidate the two lawsuits, urging "[b]oth suits involve common questions of law and fact." Over DES's objection, the trial court granted the motion and consolidated the second suit into the first on April 12, 2023. DES moved for rehearing but appeared to later withdraw the request.[3]

---

[2] *See* TEX. BUS. & COM. CODE §§ 17.41–.63.

[3] The motion for rehearing was set to be heard September 21, 2023, the same day as the motion to compel arbitration that is at issue in this appeal. When the trial court asked counsel about the order in which they wished for the court to hear the motions, appellants' counsel responded, in part, by stating, "I've looked back at the petition and claims that are in the original case . . . are about the same time as the formation of the entity, so there's no real argument that I can make that the claims are not all related to the operation of the restaurant."

Also in April 2023, prior to the signing of the consolidation order, Victor filed a no-evidence motion for summary judgment on the claims DES asserted against him in the first suit. DES filed special exceptions to the motion, claiming the motion did not satisfy the requirements of Texas Rule of Civil Procedure 166a(i). The trial court granted the special exceptions and gave Victor a certain amount of time to cure the deficiencies and to comply with civil procedure rule 166a(i). Victor made no attempt to cure the deficiencies within the given time period according to the docket sheet in the record before us.

After the consolidation order was signed, DES filed an amended petition to add a claim for breach of contract and a request for attorney's fees against Victor in addition to the claims asserted in its first and by-then-consolidated lawsuit.

On June 1, 2023, the parties filed an agreed motion to continue the trial setting to October 23, 2023, which the trial court granted.

On September 5, 2023—forty-eight days before the October 23, 2023 trial setting—appellants filed a motion to compel arbitration and to stay further proceedings in the trial court pending arbitration. In that motion, appellants argued that when Victor, Dora, Chavez, and Castrejon formed Del Rey, they entered into a Company Agreement that includes a mandatory arbitration provision that states:

> The Parties hereto agree that any and all disputes, claims, or controversies arising out of or relating to this Agreement that are not resolved by their mutual agreement through voluntary negotiation or mediation will be submitted to final and binding arbitration pursuant to the United States Arbitration Act, 9 U.S.C. §1 et seq.

Appellants also asserted that the scope of that arbitration provision encompasses their claims to liquidate Del Rey and for an accounting of money loaned by appellants to appellees during the operation of the Restaurant and the appellees' counterclaims alleging that appellants made misrepresentations regarding the operation of the Restaurant. Although appellants attached a copy of the Company Agreement to their motion to compel, they did not include an affidavit or sworn declaration authenticating it.

Appellees filed a response opposing appellants' motion, asserting the arbitration provision was unconscionable and that appellants had waived its enforcement by litigating the case and waiting to move to compel until within sixty days of trial.[4] Appellants filed a reply, denying any waiver of their right to enforce the arbitration agreement and urging that even if Dora had a valid affirmative defense, Victor had not asserted any, and the claims against him and his counterclaims should be arbitrated while the remaining claims and counterclaims are stayed pending arbitration. Finally, appellants similarly argued that even if some

---

[4] More particularly, appellees asserted six bases for the trial court to deny the motion to compel arbitration: (1) Dora's inability to read English, more specifically the arbitration provision, such that enforcement against her would be unconscionable; (2) appellants waived any right to arbitration by proceeding with litigation, conducting discovery, and moving to compel arbitration within sixty days of the trial setting; (3) the arbitration provision is an unenforceable contract of adhesion because appellants have superior or unequal bargaining power over Dora; (4) enforcement of the arbitration provision would be unconscionable because counsel for appellants initiated and represented Del Rey in a bankruptcy proceeding and then withdrew that action before filing suit against Del Rey; (5) appellants failed to raise the issue of arbitration in discovery or when appellees moved to consolidate the cases; (6) the counterclaims are beyond the scope of the arbitration provision because the complained-of conduct includes fraud in the formation of Del Rey and operating the Restaurant by serving food and alcohol without proper license or permit.

claims or counterclaims arose out of the operation of the Restaurant and some did not, the former should be arbitrated while the remaining claims and counterclaims are stayed pending arbitration.

After conducting a hearing on appellants' motion and receiving both arguments[5] and evidence during that hearing, the trial court denied the motion to compel arbitration in an order signed on October 19, 2023.[6] This interlocutory appeal of the order followed.

## II. Issues & Discussion

In two issues, appellants argue the trial court erred in denying their motion to compel arbitration because appellees (1) failed to establish any affirmative defense precluding enforcement of the arbitration agreement and (2) failed to establish appellants waived their right to arbitration by substantially invoking the judicial process. We begin our analysis by examining the latter issue first.

---

[5] In response to the trial court's question regarding the timing of the motion to compel, appellants' counsel stated, "[I]n getting ready for this case in the month of August, I realized that the [C]ompany [A]greement did have an arbitration provision." The same counsel had filed both lawsuits for appellants more than a year earlier, including the second lawsuit, which was based on the same agreement counsel referred to in the hearing.

[6] Subject to their motion to compel, appellants also filed a motion to strike appellees' jury demand, urging that another provision of the Company Agreement provided that each party waived all rights to trial by jury in any action, proceeding, or counterclaim arising out of or relating to the Company Agreement. Appellees responded to the motion to strike, urging the claims and counterclaims "are beyond the scope of the [Company Agreement]" and asserting their statutory and constitutional right to a jury trial. The trial court signed an order granting the motion to strike the jury demand. That order is not at issue in this appeal.

**A.      Standard of Review**

We review the denial of a motion to compel arbitration for an abuse of discretion, deferring to the trial court on factual determinations supported by the evidence and reviewing legal determinations de novo. *Henry v. Cash Biz, LP*, 551 S.W.3d 111, 115 (Tex. 2018). Whether the claims in dispute fall within the scope of a valid arbitration agreement is a question of law, which we review de novo. *Id*.

We also review de novo whether a party has waived the right to arbitration by substantially invoking the judicial process. *See Perry Homes v. Cull*, 258 S.W.3d 580, 589 (Tex. 2008) ("Under a proper abuse-of-discretion review, waiver is a question of law for the court, and we do not defer to the trial court on questions of law.") (footnotes and related citations omitted).

Because the trial court did not issue findings of fact or conclusions of law to explain its denial of the motion to compel arbitration, we must uphold the trial court's decision on any appropriate legal theory urged below. *QualiZeal, Inc. v. Cigniti Techs., Inc.*, No. 05-22-00923-CV, 2024 WL 833439, at *4 (Tex. App.—Dallas Feb. 28, 2024, no pet.) (mem. op.); *Bonded Builders Home Warranty Ass'n of Tex. v. Rockoff*, 509 S.W.3d 523, 531–32 (Tex. App.—El Paso 2016, no pet.).

**B. Our Assumptions Regarding the Arbitration Agreement**

A trial court "may summarily decide whether to compel arbitration on the basis of affidavits, pleadings, discovery, and stipulations. However, if the material facts necessary to determine the issue are controverted, by an opposing affidavit or

otherwise admissible evidence, the trial court must conduct an evidentiary hearing to determine the disputed material facts." *Jack B. Anglin Co., Inc. v. Tipps*, 842 S.W.2d 266, 269 (Tex. 1992) (orig. proceeding); *see also QualiZeal, Inc.*, 2024 WL 833439, at *4. When the trial court conducts such a "*Tipps* hearing" and thereafter makes a ruling, we review the trial court's findings for legal sufficiency. *QualiZeal, Inc.*, 2024 WL 833439, at *4.

In this case, we assume, but do not decide, a *Tipps* hearing occurred and that appellants established both that a valid arbitration agreement exists and that the claims in question are within the scope of the agreement. Based on those assumptions, a presumption arises in favor of arbitrating those claims, and appellees had the burden to prove a defense to arbitration. *See Royston, Rayzor, Vickery, & Williams, LLP v. Lopez*, 467 S.W.3d 494, 499–500 (Tex. 2015).[7]

## C. Appellants Waived Their Right to Arbitration by Substantially Invoking the Judicial Process

In their second issue, appellants argue appellees failed to establish appellants waived their right to arbitration by substantially invoking the judicial process, a question we review de novo. *See Perry Homes*, 258 S.W.3d at 589; *see also Sivanandam v. Themesoft, Inc.*, No. 05-21-00645-CV, 2022 WL 872623, at *2 (Tex.

---

[7] We make these assumptions despite our reservations regarding whether appellants satisfied their initial burden under *Tipps*, as appellants' motion was not accompanied by an affidavit or sworn declaration authenticating the agreement that was attached to its motion. Moreover, although a witness in the hearing on appellants' motion authenticated the parties' signatures on a document that was shown to the witness, the document was not offered or admitted into evidence, leaving us with no way to determine whether the agreement attached to appellants' motion was the same document shown to the witness. However, because of the nature of our disposition, we need not reach that question.

App.—Dallas Mar. 24, 2022, pet. denied) (mem. op.).[8] There is a presumption against waiver of arbitration, but it is not irrebuttable, *Perry Homes*, 258 S.W.3d at 584, and "[w]aiver involves substantial invocation of the judicial *process*, not just judgment on the merits." *Id*. at 592. The FAA's "purpose is to make arbitration agreements 'as enforceable as other contracts, but not more so.'" *In re Merrill Lynch Tr. Co. FSB*, 235 S.W.3d 185, 192 (Tex. 2007) (orig. proceeding) (quoting *Prima Paint Corp. v. Flood & Conklin Mfg. Co.*, 388 U.S. 395, 404 n.12 (1967)); *see Rent-A-Center, W., Inc. v. Jackson*, 561 U.S. 63, 67 (2010) ("The FAA places arbitration agreements on equal footing with other contracts.").

"Like any other contract right, arbitration can be waived if the parties agree instead to resolve a dispute in court." *Perry Homes*, 258 S.W.3d at 593. In *Perry Homes*, the Texas Supreme Court stated, "[A] party waives an arbitration clause by [1] substantially invoking the judicial process [2] to the other party's detriment or prejudice." *Id*. at 589–90. More recently, however, in a case involving an arbitration agreement governed by the Federal Arbitration Act (FAA),[9] like this case, the United States Supreme Court concluded that an appeals court "was wrong to condition a waiver of the right to arbitrate on a showing of prejudice." *Morgan v. Sundance*, 596 U.S. 411, 417 (2022). While the Texas Supreme Court has not yet addressed

---

[8] "We defer to the trial court's factual determinations if they are supported by evidence but review its legal determinations de novo[,]" and "[w]hether a party waived its right to arbitrate is a question of law." *See Sivanandam*, 2022 WL 872623, at *2 (citing *Henry*, 551 S.W.3d at 115).

[9] *See* 9 U.S.C. §§ 1–402.

the second *Perry Homes* factor since *Morgan* was issued, based on *Morgan*, we conclude a showing of prejudice is no longer required in order to establish waiver, at least in cases involving the FAA. *See id.*[10]

The substantial-invocation element requires the court to consider the totality of the circumstances. *Perry Homes*, 258 S.W.3d at 591. The analysis involves numerous, non-exclusive factors, including the following:

- whether the movant is a plaintiff or a defendant in the lawsuit;

- when the movant knew of the arbitration clause;

- how long the movant waited before seeking arbitration and any reasons for delay;

- how much discovery has been conducted, who initiated it, whether it related to the merits rather than arbitration or standing, and how much of it would be useful in arbitration;

- whether the movant sought judgment on the merits;

- whether the movant filed affirmative claims for relief in court;

- the amount of time and expense the parties have expended on litigation;

- whether the discovery conducted would be unavailable in arbitration;

- whether judicial activity would be duplicated in arbitration; and

---

[10] In *Morgan*, the Court considered a single issue—whether courts of appeals "may create arbitration-specific variants of federal procedural rules, like those concerning waiver, based on the FAA's 'policy favoring arbitration.'" *Id*. (quoting *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983)). The Court answered, "They cannot[,]" and stated the court of appeals in that case "was wrong to condition a waiver of the right to arbitrate on a showing of prejudice." *Id*.; *see also Zurvita Holdings, Inc. v. Jarvis*, No. 05-23-00661-CV, 2024 WL 1163209, at *13 n.11 (Tex. App.—Dallas Mar. 14, 2024, no pet. h.) (mem. op.) ("We recognize that recently the United States Supreme Court held that under the FAA a party no longer needs to demonstrate that invocation of the judicial process resulted in prejudice to establish waiver.") (citing *Morgan*, 596 U.S. at 419).

- when the case was to be tried.

*Id*.; *see also RSL Funding LLC v. Pippins*, 499 S.W.3d 423, 430 (Tex. 2016) (per curiam); *G.T. Leach Builders, LLC v. Sapphire V.P., LP*, 458 S.W.3d 502, 512 (Tex. 2015). Of course, all of these factors are rarely presented in a single case. *Perry Homes*, 258 S.W.3d at 591. Federal courts have found waiver based on only a few, or even a single one. *Id.* (citing, in part, *Cabinetree of Wis., Inc. v. Kraftmaid Cabinetry, Inc.*, 50 F.3d 388, 391 (7th Cir. 1995) (other citations omitted) (finding that litigants waived their right to arbitrate by removing to federal court the state-court lawsuit filed against them rather than seeking to arbitrate in the state-court action)).

In this case, in addition to actions addressed in the next paragraph, appellees argue appellants substantially invoked the litigation process and waived their right to arbitration by initially filing and later dismissing a case in which they sought judicial relief in the bankruptcy court. For the reasons that follow, we need not and do not consider the impact, if any, of such bankruptcy actions with regard to alleged waiver because, even without them, we conclude appellants met their burden of establishing the first *Perry Homes* factor.

Putting aside appellants' bankruptcy court activity, the record before us shows appellants—the movants for arbitration—sued appellees, not just once, but twice, seeking judgment on the merits on multiple causes of action they now claim should be sent to an arbitral forum. Their actions, however, evidence an election to litigate,

–11–

not arbitrate.[11]  The record also shows they did not seek to compel arbitration until 370 days after DES filed its lawsuit against Victor, 358 days after appellants filed the second lawsuit against appellees, and 48 days before the scheduled trial date on the consolidated lawsuits.[12]  In the interim, appellants also engaged in the discovery process by sending and answering merits discovery requests, requested and appeared in court hearings, amended their petition to add additional claims, filed and responded to several motions, and filed special exceptions to a dispositive motion, which were granted.  Appellants' counsel's excuse for the extreme delay—that he simply had not noticed the arbitration provision in the Company Agreement—rings hollow, given that he filed suit based squarely on the agreement a year before.  Further, there is no indication that appellants have made a demand for arbitration before any arbitral forum.  Given the totality of the circumstances present here,

---

[11] We find this analysis persuasive:

> Selection of a forum in which to resolve a legal dispute should be made at the earliest possible opportunity in order to economize on the resources, both public and private, consumed in dispute resolution. . . . Parties know how important it is to settle on a forum at the earliest possible opportunity, and the failure of either of them to move promptly for arbitration is powerful evidence that they made their election—against arbitration. Except in extraordinary circumstances not here presented, they should be bound by their election.

*Cabinetree of Wis., Inc.*, 50 F.3d at 391.

[12] Appellants filed the first of their two later-consolidated lawsuits on August 31, 2022.  They filed their motion to compel arbitration on September 5, 2023, three-hundred seventy days later, and when they filed that motion, trial was set for October 23, 2023, just forty-eight days later.  Whether the movant has "sought arbitration only on the eve of trial" is part of our analysis of waiver.  *See Perry Homes*, 258 S.W.3d at 590. The rule that one cannot wait until "the eve of trial" to request arbitration is not limited to the evening before trial; it is a rule of proportion that is implicated here.  *See id.* at 596; *see also Archimedes, Inc. v. Russell*, No. 01-21-00222-CV, 2022 WL 2024851, at *3 (Tex. App.—Houston [1st Dist.] June 7, 2022, no pet.) (mem. op.) (motion filed thirty-three days before trial setting was considered to have been filed on the "eve of trial").

including that appellants filed the claims and were not simply respondents, the time expended in the trial court—by counsel, the judge, and court personnel—was significant, and the motion was filed on the eve of trial, we conclude appellants substantially invoked the judicial process and satisfied the first of the two *Perry Homes* factors.

The dissent's analysis, which concludes otherwise, balkanizes the evidence by separately considering and dismissing the *Perry Homes* factors rather than considering them together as a whole, an approach inconsistent with what is required in the context of analyzing the totality of the circumstances. *See Perry Homes*, 258 S.W.3d at 591 ("[W]aiver must be decided on a case-by-case basis" and "courts should look to the totality of the circumstances."); *United States v. Arvizu*, 534 U.S. 266, 275 (2002) (in Fourth Amendment context, court of appeals' "evaluation and rejection . . . of the listed factors in isolation from each other [did] not take into account the 'totality of the circumstances,'" and constituted a "divide-and-conquer analysis" precluded by *Terry*);[13] *see also City of Dallas v. Siaw-Afriyie*, No. 05-19-00244-CV, 2020 WL 5834335, at *11 n.13 (Tex. App.—Dallas Oct. 1, 2020, no pet.) (mem. op.) (in employment discrimination context, declining to balkanize evidence and divorce it from context of terms and conditions of employment).

---

[13] *See Terry v. Ohio*, 392 U.S. 1, 22 (1968).

While we agree with the dissent that a "mere delay in moving to compel arbitration is not enough for waiver[,]" *Richmont Holdings, Inc. v. Superior Recharge Sys., L.L.C.*, 455 S.W.3d 573, 576 (Tex. 2014) (per curiam), we conclude much more than a "mere delay" occurred here. We also conclude that, given the totality of circumstances in this case, appellees established that appellants waived their rights to arbitration by substantially invoking the judicial process and thus met the required showing under the first *Perry Homes* factor.

As to the second *Perry Homes* factor—prejudice to the nonmovant—we conclude that factor no longer applies, at least in cases involving arbitration agreements governed by the FAA. *See Morgan*, 596 U.S. at 419; *see also Zurvita Holdings, Inc.*, 2024 WL 1163209, at *13 n.11 ("We recognize that recently the United States Supreme Court held that under the FAA a party no longer needs to demonstrate that invocation of the judicial process resulted in prejudice to establish waiver.") (citing *Morgan*, 596 U.S. at 419).

However, even if we assume, without deciding, that the second *Perry Homes* factor applies, based on the record before us, appellants established they suffered detriment or prejudice as a result of appellants' substantial invocation of the judicial process, as the record reflects an attempt by appellants to have it both ways, twice initiating litigation for their own benefit, and then later switching to arbitration to its own advantage, soon before the trial date. *See Perry Homes*, 258 S.W.3d at 589–90. ("'Prejudice' has many meanings, but in the context of waiver under the FAA it

–14–

relates to inherent unfairness—that is, a party's attempt to have it both ways by switching between litigation and arbitration to its own advantage.").

We conclude the trial court did not abuse its discretion by denying appellants' motion to compel arbitration because appellants waived their right to arbitration by substantially invoking the judicial process. *See id.* at 595–96. "Like any other contract right, arbitration can be waived if the parties agree instead to resolve a dispute in court. Such waiver can be implied from a party's conduct, although that conduct must be unequivocal." *Id.* at 593. Appellants' conduct here was unequivocal, at least up until the time their counsel claimed to have recently realized the Company Agreement contained an arbitration agreement, even though the same counsel filed suit on appellants' behalf based on the same Company Agreement a year earlier. We overrule appellants' second issue and need not address their first issue as a result. *See* TEX. R. APP. P. 47.1 ("The court of appeals must hand down a written opinion that is as brief as practicable but that addresses every issue raised and necessary to final disposition of the appeal.").

### III. CONCLUSION

We affirm the trial court's order denying appellants' motion to compel arbitration.

/Ken Molberg/
_____
KEN MOLBERG
JUSTICE

Kennedy, J., dissenting
231149F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

DALLAS EXCAVATION SYSTEMS, INC., EDUARDO CHAVEZ AND ANTONIO CASTREJON, Appellants

No. 05-23-01149-CV     V.

VICTOR ALEXANDER ORELLANA, DORA ALICIA ORELLANA, DEL REY SPORTS BAR LLC, AND REY'S SPORTS BAR LLC, Appellees

On Appeal from the 192nd Judicial District Court, Dallas County, Texas Trial Court Cause No. DC-22-11298. Opinion delivered by Justice Molberg. Justices Nowell and Kennedy participating.

In accordance with this Court's opinion of this date, the trial court's order denying appellants' motion to compel arbitration is **AFFIRMED**.

It is **ORDERED** that appellee VICTOR ALEXANDER ORELLANA, DORA ALICIA ORELLANA, DEL REY SPORTS BAR LLC, AND REY'S SPORTS BAR LLC recover their costs of this appeal from appellants DALLAS EXCAVATION SYSTEMS, INC., EDUARDO CHAVEZ AND ANTONIO CASTREJON.

Judgment entered this 21st day of August, 2024.